UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : Miscellaneous Civil Action No. 14-mc-59-P1 |
| Plaintiff, | : REPLY IN SUPPORT OF SUPPLEMENTAL MOTION TO COMPEL THE NEW YORK TIMES COMPANY TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFF'S SUBPOENA |
| vs. | |
| THE NEW YORK TIMES COMPANY, | |
| Defendant. | |
| (*Karsten Schuh vs. HCA Holdings, Inc., Pending in the United States District Court, Middle District of Tennessee*, Civil Action No. 3:11-cv-01033) | |

996025_1

I.  **THE INFORMATION CONTAINED IN THE TWO DOCUMENTS SOUGHT FROM THE TIMES IS NOT REASONABLY OBTAINABLE FROM OTHER SOURCES**

In its April 21, 2014 Amended Opinion, the Court held that

> Plaintiff has not shown that at this time HCA is unwilling to provide the [2010 Review] and is willing to defy any court orders to do so. Plaintiff also has not shown that the additional information provided by The Times will not result in the discovery of the report by HCA . . . The hidden assumption in Plaintiff's argument is that HCA is unwilling to hand over the 2010 Review, but this is contradicted by counsel for HCA's confusion on the record about what the 2010 Review is and is unsubstantiated by any sworn depositions or interrogatories. It is possible that HCA is telling the truth, and further discovery by the company can unearth the document.

Amended Opinion at 14-15 (Dkt. No. 19). In accordance with the Court's Opinion, Plaintiff now presents a sworn interrogatory response from HCA, as well as deposition testimony, demonstrating that HCA cannot locate the 2010 Review, even after incorporating the additional identifying information provided by The New York Times Company (the "Times") into its search. Memorandum in Support of Supplemental Motion to Compel NYT ("Suppl. Pltf. Mem.") at 2-3, 4-6 (Dkt. No. 29). Plaintiff has additionally submitted deposition testimony from key witnesses which confirm that the information contained in the 2010 Review and the Johnson Memo is not reasonably obtainable. *Id.* at 4-6.

Because the Times cannot seriously dispute that the 2010 Review is unobtainable from HCA, it instead attempts to argue that it is protected work product. The Times states it was recently informed by counsel for HCA that the 2010 Review is protected work product. NYT Memorandum of Law in Opposition to Supplemental Motion to Compel (the "Oppo.") at 6, n.2 (Dkt. No. 37). This assertion contradicts the Times prior assertion that with the exception of the Johnson Memo, "***none of the documents at issue raise a colorable claim of privilege***."[1] Ex. 1 (3/28/14 McCraw Letter). The Times also asserts that the Johnson Memo, also at issue in this motion, is subject to HCA's work

---

[1] Here, as elsewhere, emphasis has been added or citations omitted, unless otherwise noted.

- 1 -

product claim. Oppo. at 5. These assertions are contradicted by HCA's letter to this Court, wherein HCA states that "**HCA does not know which of its documents NYT has**." Ex. 2 (12/2/14 HCA Letter to the Court). If HCA is unable to locate the 2010 Review and does not know which documents the Times has, there is no way that HCA can establish that either of these two documents contain work product.

Indeed, HCA has consistently maintained that it does not know which documents are in the Times' possession. *See, e.g.*, Ex. A to 11/12/14 Saham Declaration in Support of Supplemental Motion to Compel NYT at 2 ("Second Saham Decl.") (Dkt. No. 30-1) (Sworn HCA interrogatory response stating that, after an extensive search for the 2010 Review, HCA "***has not located the precise document(s) the NYT described [as the 2010 Review]***."); Ex. 3 (4/9/14 Judge Sweet Hearing Transcript at 18:20-21) (Counsel for HCA: "***We have no idea what the New York Times received or who they received it from***."). As recently as October 22, 2014, counsel for HCA confirmed that the additional description of the 2010 Review provided by Plaintiff's counsel after further discussion with counsel for the Times does not "***provide[] any new information that would assist us in locating this document***." Ex. B to Second Saham Decl. (10/22/14 Saham/Greenfield email) (Dkt. No. 30-2). HCA has repeatedly stated that it is unaware of which documents the Times was quoting from in its August 6, 2012 article. These statements discredit the assertion that HCA now, after years of claiming it could not identify the documents, can somehow identify them. HCA cannot have it both ways.

II. **THE 2010 REVIEW AND JOHNSON MEMO SHOULD EITHER BE PRODUCED TO PLAINTIFF OR SUBMITTED TO THE COURT FOR *IN CAMERA* REVIEW**

Even if either of the two documents sought contain some legal impressions, a highly doubtful proposition given that the documents were not created by lawyers, Plaintiff is entitled to the factual portions of the documents with any legal impressions redacted therefrom. *Complex Sys. v. ABN*

*AMRO Bank N.V.*, 279 F.R.D. 140, 146, 150-51(S.D.N.Y. 2011) (ordering party to produce factual information from partially work product protected and attorney-client privileged documents with privileged portions redacted); *Verizon Directories Corp. v. Yellow Book USA, Inc.*, No. 04-CV-251 (JBW), 2004 U.S. Dist. LEXIS 30306, at *13 (E.D.N.Y. July 22, 2004) (same and noting: "'[N]either the attorney-client privilege nor the work product privilege protects underlying facts.'") (quoting *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, No. 01 Civ. 9291 (JSM), 2002 U.S. Dist. LEXIS 11949, at *10-*11 (S.D.N.Y. July 3, 2002) (original alteration)).

Additionally, even if these documents were at one time subject to a claim of work product, the documents in possession of the Times are not subject to such a claim by the Times. *See In re Adelphia Communs. Corp. Sec. & Derivative Litig.*, Nos. 03 MDL 1529 (LMM), 05 Civ. 9050, 2009 U.S. Dist. LEXIS 55863, at *15 (S.D.N.Y. July 1, 2009) ("'Work product immunity may be asserted by either the client or the attorney.'") (quoting *In re Grand Jury Subpoenas dated March 19 and August 2, 2002*, No. M 11-189, 2002 U.S. Dist. LEXIS 17079, at *7 (S.D.N.Y. Sept. 12, 2002), *aff'd on other grounds*, 318 F.3d 379 (2d Cir. 2003)); 6 *Moore's Federal Practice* §26.70[1] (Matthew Bender 3d ed.) ("work product protection may be claimed either by the client or the attorney").[2] Finally, even if the documents contained some legal impressions, any protection was lost when the content of the documents was published for millions to read in *The New York Times* and when HCA failed to take appropriate action to prevent the publication of these materials. *See In re Grand Jury Subpoena dated March 20, 2013*, No. 13-mc-189 (Part 1), 2014 U.S. Dist. LEXIS 91901, at *30-*35 (S.D.N.Y. June 24, 2014) (in cases of unauthorized disclosure, courts focus on whether and when

---

[2] The Times is incorrect that Plaintiff conceded that the Johnson Memo is privileged. *See* Oppo. at 5. Plaintiff merely noted that the Johnson Memo could be one of the documents on HCA's privilege logs, but, without the Times producing the Johnson Memo, it is impossible to know which documents the Times holds. *See* Suppl. Pltf. Mem. at 6.

996025_1

privilege holder attempted to rectify the disclosure, as well as issues of fairness, when determining whether a waiver occurred).

If the Court does not grant Plaintiff's motion outright, Plaintiff requests that the two documents be submitted to the Court for *in camera* review to determine (1) if they should be produced in their entirety; (2) if they contain any legal impressions; and (3) if the documents can be produced with any legal impressions redacted therefrom.

### A. The 2010 Review and the Johnson Memo Contain Non-Privileged Factual Information Including Information Unrelated to Lawnwood or Any Legal Investigation

Counsel for the Times informed Plaintiff's counsel that the 2010 Review included information not just from Lawnwood, but from other HCA facilities, as well. *See* Ex. B to Second Saham Decl. To the extent the 2010 Review or Johnson Memo contains information associated with HCA facilities other than Lawnwood, such information cannot be privileged or subject to the Tennessee court's order, as HCA has stated that its legal investigation involved allegations of unnecessary cardiac procedures performed at Lawnwood alone. *See* Ex. H to Second Saham Decl. at 4-5 (9/16/14 Tennessee Order) (Dkt. No. 30-8).

HCA's withholding of this factual information as well as factual information regarding Lawnwood is plainly improper. *See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props. LLC*, No. 01 Civ. 9291 (JSM), 2003 U.S. Dist. LEXIS 1106, at *9 (S.D.N.Y. Jan. 29, 2003) ("[I]f a document . . . merely sets forth facts that were reported to the attorney, and there is no realistic way that their disclosure would create 'a real, nonspeculative danger of revealing the lawyer's thoughts' . . . that document is not protected by work product.") (quoting *SR Int'l Bus. Ins. Co.*, 2002 U.S. Dist. LEXIS 11949, at *21). *See also Primetime 24 Joint Venture v. EchoStar Communs. Corp.*, No. 98 Civ. 6738 (RMB)(MHD), 2000 U.S. Dist. LEXIS 779, at *9 (S.D.N.Y. Jan. 28, 2000) ("With very limited exceptions, liberal civil discovery rules compel parties to disclose the purely factual information that

- 4 -

996025_1

they have gathered – if relevant to issues in the case – regardless of the context in which it has been gathered." "Thus, 'the facts are not protected from disclosure by virtue of having been gathered by an attorney.'") (citing and quoting 6 *Moore's Federal Practice* §26.70[2][a] at 26-200, 207-08 (3d ed. 1999)); *Abbo-Bradley v. City of Niagara Falls*, 293 F.R.D. 401, 407 (W.D.N.Y. 2013) (It is widely recognized that the work product doctrine "'does not protect facts concerning the creation of work product, or facts contained within work product.'") (quoting *Moore's Federal Practice*, *supra*, at 5, §26.70[2][a] at 26-435).

If the Court believes that portions of the 2010 Review or the Johnson Memo may be protected by the attorney-client privilege or work product doctrine, the two documents should be submitted *in camera* so that the Court can review them to determine whether these two documents contain legal impressions in addition to the clearly relevant factual information. *In re Grand Jury Subpoenas dated March 19, 2002*, 318 F.3d at 386 (*in camera* review is "a practice both long-standing and routine in cases involving claims of privilege") (citing cases in which *in camera* review was used to evaluate attorney-client privilege and work product protection claims). Any legal impressions can be redacted from the documents prior to production.[3] *See Complex Sys.*, 279 F.R.D. at 146, 150-51 (ordering party to produce documents with privileged portions redacted); *Verizon Directories Corp.*, 2004 U.S. Dist. LEXIS 30306, at *13 (same).

B.   **HCA's Failure to Attempt to Rectify the Unauthorized Disclosure of the 2010 Review and Johnson Memo to the Times Constitutes a Waiver**

Even if the 2010 Review and Johnson Memo were privileged at one time, any such privilege has been waived. Much of the relevant information contained in the 2010 Review and Johnson Memo was published by the Times in the August 6, 2012 article "Hospital Chain Inquiry Cited

---

[3]   Given that neither document was created by a lawyer and one of the documents contains information regarding hospitals which were not subject to the investigation, it is extremely unlikely that either document contains mental impressions of counsel or legal analysis.

996025_1

Unnecessary Cardiac Work" (the "Article"). Ex. A to Declaration of David E. McCraw, dated 12/5/2014 ("McCraw Decl.") (Dkt. No. 38). The Article states that according to the 2010 Review "about half the [cardiac] procedures [at Lawnwood], or 1,200, were determined to have been done on patients without significant heart disease." *Id.* at 2. The Johnson Memo was directly quoted in the Article as stating: "'The allegations related to unnecessary procedures being performed in [Lawnwood's] cath lab are substantiated.'" *Id.* at 1.

Although on notice that the Times possessed the 2010 Review and similar documents since before the Article's publication, HCA has made no serious attempt to recover the 2010 Review or the Johnson Memo from the Times. *See* Declaration of Julie Creswell, ¶¶11-16 (Dkt. No. 15) (describing how Times reporters made HCA aware of their possession of HCA documents, including the 2010 Review, prior to the Article's publication); Ex. A to Second Saham Decl. at 2 (Interrogatory response stating that HCA merely requested that the Times allow HCA to review its documents in the Times' possession without requesting the documents' return). Such inaction by HCA after learning that these documents were disclosed constitutes a waiver of the privilege. *See In re Grand Jury Subpoena dated March 20, 2013*, 2014 U.S. Dist. LEXIS 91901, at *31-*35 (waiver where privilege holder delayed in attempting to protect the privilege after an unauthorized disclosure). *See also In re Parmalat Sec. Litig.*, No. 04 MD 1653 (LAK)(HBP), 2006 U.S. Dist. LEXIS 88629, at *30-*31 (S.D.N.Y. Dec. 1, 2006) (noting that "[e]ven when the initial disclosure of privileged documents is involuntary, waiver may, nevertheless, result if the party asserting the privilege fails to take steps "'reasonably designed" to protect and preserve the privilege'") (ultimately upholding privilege, but only after determining that the privilege holder pursued all reasonable means of preserving confidentiality after an unauthorized disclosure) (quoting *United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992)). To the extent the 2010 Review and Johnson Memo may have once been privileged, that privilege has been lost.

- 6 -

996025_1

### III. PLAINTIFF HAS FULFILLED ITS BURDEN UNDER *GONZALES*

*Gonzales* requires that the material sought be "of likely relevance to a significant issue in the case." *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 36 (2d Cir. 1998). Plaintiff has met this requirement, as information related to the performance of unnecessary cardiac procedures at HCA facilities is central to the Tennessee Action. In addition to this Court's recognition that "HCA's internal investigations are important to Plaintiff's claims as to the Tennessee Action Defendants' knowledge of material trends at the time of the IPO," Amended Opinion at 7 (Dkt. No. 19), Judge Sharp, presiding over the Tennessee Action, has again recently recognized the importance and relevance of these claims in his opinion granting class certification. In that opinion, Judge Sharp noted that "plaintiff points to documentary evidence which arguably suggest . . . ***that HCA facilities performed unnecessary cardiac procedures, and that HCA was aware of these things and others, but did not disclose them***." Ex. 4 at 9 (9/22/2014 Class Certification Opinion). Judge Sharp went on to summarize the evidence of unnecessary cardiac procedures in his Opinion Certifying the Class. *Id.* at 9-10 (review of "***hundreds of cardiac procedures between 2008 and 2010 . . . concluded prior to the IPO that a significant percentage of them were performed when 'indications were lacking for the procedure***'"). The 2010 Review and Johnson Memo, which relate to HCA's awareness of the performance of unnecessary cardiac procedures at HCA facilities, are highly relevant to Plaintiff's case.[4]

*Gonzales* also requires that the information at issue is not "***reasonably*** obtainable from other available sources." 194 F.3d at 36. To meet this requirement, the Times asserts that Plaintiff must

---

[4] The production of the 2010 Review and/or Johnson Memo would not be cumulative as HCA witnesses have repeatedly been instructed not to answer questions regarding the 2010 Lawnwood investigation. Both documents provide evidence, not just that unnecessary cardiac procedures were being performed, but also that data on unnecessary procedures was being compiled and analyzed prior to the IPO. Such information is unique and probative of HCA's knowledge that unnecessary cardiac procedures were being performed at HCA facilities.

996025_1

produce interrogatory responses, deposition testimony and/or documentary evidence showing that the 2010 Review and Johnson Memo, and the information contained therein, are unavailable from HCA or other sources. Oppo. at 10-13. That is exactly what Plaintiff has done. Plaintiff submitted an interrogatory response stating that HCA is not able to identify the 2010 Review, let alone confirm its contents. Suppl. Pltf. Mem. at 2-3. Plaintiff also deposed multiple witnesses identified as knowledgeable of the 2010 Review and the investigation of unnecessary cardiac procedures at Lawnwood. *Id.* at 5-6. Those witnesses were either instructed not to answer, claimed they had no knowledge of the 2010 Review or were unable to provide Plaintiff with any substantive information concerning the 2010 Lawnwood investigation. *Id.*

Then, the Tennessee court denied Plaintiff's motion to compel the production of nearly a thousand Lawnwood related documents contained on HCA's initial privilege log. *Id.* at 6. Although Plaintiff filed a motion asking the Tennessee court to reconsider its September 16, 2014 privilege decision, as of today's date the court has not revisited the issue. Moreover, should Plaintiff's motion for reconsideration be successful, HCA has repeatedly stated that it is unable to locate the 2010 Review on its privilege log or elsewhere. *See supra* at 2 (listing instances where HCA has claimed it cannot locate the 2010 Review).

Further attempts to elicit information from HCA or other percipient witnesses regarding the 2010 Review or Johnson Memo would be futile, as HCA has made clear that it will not allow Plaintiff to inquire into factual information surrounding the investigation of unnecessary cardiac procedures performed at Lawnwood. *See* Ex. 5 (12/9/14 Saham/Greenfield email). HCA's counsel informed Plaintiff that HCA would instruct witnesses not to answer any questions associated with the legal investigation at Lawnwood, "including who the investigators interviewed, what they were

---
told by the witnesses they interviewed, what documents the investigators reviewed, what those documents said . . . , [and] the analysis the consultants performed . . . ." *Id.*[5]

On the whole, Plaintiff has made reasonable, but unsuccessful, efforts to obtain the information contained in the 2010 Review and Johnson Memo from HCA and other sources. Plaintiff has met its burden under *Gonzales* and the Times should produce the 2010 Review and Johnson Memo.

## IV.   CONCLUSION

For the above stated reasons Plaintiff's motion to compel should be granted and the 2010 Review and the Johnson Memo should be produced to Plaintiff. Alternatively, the documents should be produced to the Court for *in camera* review to determine if any legal impressions should be redacted therefrom prior to production to Plaintiff.

DATED:  January 14, 2015

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JAMES I. JACONETTE
SCOTT H. SAHAM

s/ Scott H. Saham
SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jamesj@rgrdlaw.com
scotts@rgrdlaw.com

---

[5]   Moreover, "the Second Circuit test" "does not require that every theoretical source be exhausted." *In re Nat'l Gas Commodity Litig.*, 235 F.R.D. 199, 216-17 (S.D.N.Y. 2005).

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN (SR- 7957/NY)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

Lead Counsel for Plaintiff

BARRETT JOHNSTON, LLC
DOUGLAS S. JOHNSTON, JR., #5782
TIMOTHY L. MILES, #21605
217 Second Avenue, North
Nashville, TN  37201-1601
Telephone:  615/244-2202
615/252-3798 (fax)
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 14, 2015.

    s/ Scott H. Saham
SCOTT H. SAHAM

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: scotts@rgrdlaw.com

## Mailing Information for a Case 1:14-mc-00059-RWS

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Diana Victoria Baranetsky**
  victoria.baranetsky@nytimes.com

- **David Edward McCraw**
  mccraw@nytimes.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Scott H. Saham**
  scotts@rgrdlaw.com,hectorm@rgrdlaw.com,e_file_sd@rgrdlaw.com,klavelle@rgrdlaw.com

- **J. Christian Word**
  christian.word@lw.com,jessica.bengels@lw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`