UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

NEW ENGLAND TEAMSTERS 7
TRUCKING INDUSTRY PENSION FUND,
Individually and on Behalf of All                14 Misc. 59
Others Similarly Situated,

                    Plaintiff,                    OPINION

     -against-

THE NEW YORK TIMES COMPANY,

                    Defendant.

-----------------------------------X



A P P E A R A N C E S :


          Attorneys for Plaintiff

          ROBBINS GELLER RUDMAN & DOWD LLP
          655 West Broadway, Suite 1900
          San Diego, CA 92101
          By:  Scott H. Saham, Esq.

          ROBBINS GELLER RUDMAN & DOWD LLP
          58 South Service Road, Suite 200
          Melville, NY 11747
          By:  Samuel Howard Rudman, Esq.


          Attorneys for Defendant

          THE NEW YORK TIMES COMPANY
          620 Eighth Avenue
          New York, NY 10018
          By:  David Edward McCraw, Esq.
               Diana Victoria Baranetsky, Esq.

<u>Attorneys for Non-Party HCA Holdings, Inc.</u>

LATHAM & WATKINS, LLP
555 Eleventh Street, Suite 1000
Washington, DC 20004
By:  J. Christian Word, Esq.


LATHAM & WATKINS, LLP
885 Third Avenue
New York, NY 10022
By:  Sarah A. Greenfield, Esq.

**Sweet, D.J.**


      The plaintiff New England Teamsters and Trucking Industries Pension Fund et al. (the "Fund" or the "Plaintiff") has again moved to compel The New York Times ("The Times" or the "Defendant") to produce certain documents in its possession. The documents in question were produced by anonymous sources in connection with The Times' reporting on health care expense and HCA Holdings, Inc. ("HCA"), the defendant in a securities class action brought by the Plaintiff in the United States District Court for the Middle District of Tennessee before the Honorable Kevin H. Sharp (the "Tennessee Court").  See Schuh v. HCA Holdings, Inc., No. 3:11-cv-01033 (M.D. Tenn.) (the "Tennessee Action").  Based on the conclusions set forth below, the motion is denied without prejudice to renew under the circumstances described below.


      At issue is the exercise by The Times of the reporter's privilege, as set forth in Gonzales v. National Broadcasting Co., 194 F.3d 29, 35 (2d Cir. 1999), in the context of discovery in the underlying Tennessee Action.  The outcome of the instant motion, to cite Yogi Berra, is "déjà vu, all over again."  Because of the pending motion for reconsideration

3

before the Tennessee Court, the motion to compel production is again denied with predictable proceedings described below to follow.

**Prior Proceedings**

As part of its ongoing coverage of waste and expense in medical care, The Times published an article on August 6, 2012 about unnecessary surgical procedures that were performed at hospitals owned by HCA, a major operator of medical facilities in the United States.  See Declaration of David E. McCraw dated December 5, 2014 (hereinafter "McCraw Decl."), Ex. A, "Hospital Chain Inquiry Cited Unnecessary Cardiac Work" (the "Article").  The Article was the result of reporting by Times reporters Reed Abelson and Julie Creswell, and was based in part on internal HCA documents provided to them by anonymous sources to whom they promised confidentiality.

At the time the Article was published, the Plaintiff was already involved in the Tennessee Action.  Plaintiff served a subpoena (the "Subpoena") on The Times seeking documents used by the reporters in preparing the Article.  The Times timely objected to the Subpoena, citing the reporter's privilege.

4

The Plaintiff filed a motion to compel before this Court and that motion was denied by Amended Opinion dated April 21, 2014 ("April Opinion") because Plaintiff had not exhausted alternative sources.  The April Opinion noted that Plaintiff had failed to provide deposition testimony or other evidence from discovery to make the requisite "clear and convincing" showing that the information sought was not available elsewhere.  The April Opinion also noted that the Tennessee Court had before it at that time a motion to compel that dealt with some of the same materials.  This Court recognized the right of Plaintiff to renew its motion to compel if the information sought was still not available after further discovery and following the anticipated ruling by the Tennessee Court.

On November 12, 2014, Plaintiff filed its supplemental motion to compel two documents.  The first is an internal memorandum written by an HCA ethics officer, Stephen Johnson, substantiating a nurse's allegations that unnecessary procedures were being performed at Lawnwood Regional Medical Center ("Lawnwood"), an HCA facility in Florida (the "Johnson Memo").  The second document sought is a 2010 internal HCA review authored by George Ebra (the "2010 Review") showing that some 1,200 surgeries were performed on patients who did not have serious heart disease at Lawnwood.

The Tennessee Court, by order of September 16, 2014, upheld a claim of privilege with respect to some 800 HCA documents.  See Exhibit H to the Declaration of Scott H. Saham dated November 12, 2014 (hereinafter "Saham Decl.").  There is no question that the Johnson Memo is among the documents subject to the Tennessee Court's privilege ruling, and the Plaintiff concedes as much.  See Pl.'s Mem. in Supp't 7 ("On September 16, 2014, the Tennessee Court ruled that the documents on HCA's privilege log, including what may be the Johnson Memo, were privileged and that HCA would not be required to produce such documents to Plaintiff.").  The Johnson Memo was consequently never produced by HCA.  The Plaintiff has sought reconsideration of the Tennessee Court's privilege ruling.  Pl.'s Reply Memo 8.

With respect to the 2010 Review, HCA witnesses have testified, and HCA has affirmed through its earlier submissions to this Court, that they were unable to identify the "precise" document from its description by The Times in the Article. According to The Times, the document was created as part of the 2010 investigation of Lawnwood.  See McCraw Decl. ¶¶ 2-3. Therefore, the 2010 Review may also fall within the work product privilege, despite HCA's puzzling and inconsistent representation to this Court that HCA does not yet know whether

it is subject to the privilege.  See Letter of Christian Word to
the Court, dated December 2, 2014.

    The instant motion was heard and marked fully
submitted on February 11, 2015.

**Unavailability Has Not Been Established**

    Though the Tennessee Court upheld HCA's assertion that
the Johnson memo is privileged, reconsideration of that
determination has been sought, and it is therefore possible that
the present privilege holding may be revised.  Consequently, the
unavailability prong of Gonzales has not been established with
respect to the Johnson Memo.

    The same reasoning appears to apply to the 2010
Report.  HCA has not apparently taken a definitive position as
to whether The Times' version is among the privileged documents,
on the grounds that HCA is uncertain as to the document in The
Times' possession.  However, the present briefing has
established that the 2010 Report was authored by George Ebra and
an appropriate privilege log should resolve any uncertainty as
to any privilege that attaches to that document.  For the time
being, unavailability has not been established, warranting

denial of the instant motion and making it unnecessary to determine the comity and undue burden issues raised by The Times.

**Conclusion**

The supplementary motion to compel is denied with leave granted to renew upon the resolution of the reconsideration motion.

It is so ordered.

New York, NY

May 7 , 2015

ROBERT W. SWEET

U.S.D.J.